## Farmers & Threshers Mutual Insurance Company v. C. E. Koons.

1. PLEA—*must be certain.* A plea which is self-contradictory is properly overruled on demurrer.

2. INSURANCE POLICY—*when plea does not show lapse of.* A plea which undertakes to set up that the policy has lapsed because of default in the payment of premium notes, is bad, where it avers that payment of such notes was to be made "at such time and in such sums as the board of directors may require," and does not aver that the board of directors, as such, have ever made requisition upon the plaintiff for the payment of the whole or any part thereof.

Action of assumpsit. Appeal from the Circuit Court of DeWitt County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

J. W. HOWELL and JOHN FULLER, for appellant.

HERRICK & HERRICK, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit on a policy of insurance issued by appel-

lant to appellee, Koons. The only question in the case is whether the court erred in sustaining a demurrer to the following plea:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not to have his aforesaid action against it, the defendant, because it says that the alleged policy of insurance in the plaintiff's declaration mentioned was given to the said plaintiff in consideration of a certain premium note for the sum of Fifty-two and 20-100 Dollars; and the defendant says that by the stipulation VII in said policy of insurance, which is as follows, to wit: 'This policy is given in consideration of a premium note or notes for the sum of Fifty-two and 20-100 Dollars, the receipt of which is hereby acknowledged, and the insured agrees, that, if it should become necessary, to pay the whole amount of the same at such time and in such sums as the Board of Directors may require. And it is agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any premium note, or notes or obligations, given for the premiums, or any calls thereon remain past due and unpaid.

Payments of notes and calls thereon must be paid to this company at its home office in Paris, Illinois, or to a person or persons specially appointed to collect the same for said company.

And it is agreed that the failure of the insured to receive the notices that may be sent by this company of the approaching maturity of any note or notes, or any other obligations, or any calls on notes, shall not operate to render this company liable for any loss or damage that may occur while said note or notes, or obligations thereon, or other obligations remain past due and unpaid.

This company may collect by suit or otherwise the premium note or notes and the calls thereon or any other obligations from the said home office for the payments of any note or notes or obligations past due, and calls thereon, or obligations must be received by the insured before there can be a revival of this policy, such revival to begin from the said time of payment and at no time to carry the insurance beyond the end of the original time of this policy.

In settlement of any loss in this policy this company may deduct therefrom the entire amount of any unmatured note given wholly or in part as a consideration of this policy whether such notes are payable on call or otherwise.'

It was agreed by and between the plaintiff and the defendant that the said company should not be liable for any loss or damage that might occur to the property mentioned in said policy while any premium note or notes or obligations given for the premium or any calls thereon remain past due and unpaid; and the defendant further says that one of the said premium notes and obligations given for said premium, is dated the 31st day of October, 1902, for the sum of Twenty-eight and 40-100 Dollars, and payable January 1, 1903, after date, at the office of said company in Paris, Illinois, with exchange, for value received, with six per cent. interest from date until paid, which said note was to be void and of no effect if policy is not issued. And which said note and obligations were long past due and unpaid at the time of the alleged loss and damage to said property, and that the plaintiff although often requested had not paid said premium note and obligations, but wholly neglected and refused so to do; and this the defendant is ready to verify. Therefore he prays judgment if the plaintiff ought to have his aforesaid action against it."

The plea is contradictory and wholly uncertain. It attempts to set up default of the plaintiff in the payment of some premium note or notes whereby the policy became void. It avers one particular note as given for the entire premium, then mentions another for a smaller amount as a premium note, and then avers default in payment of "which said note and obligations." The plaintiff could not intelligently make reply to it. But assuming that the plea does set out by proper description the note, notes or obligations given for the premium, it nevertheless is bad. It sets up that plaintiff was to pay the same "at such time and in such sums as the board of directors may require," but it nowhere appears by the plea that the board of directors as such have ever made requisition upon plaintiff for the payment of the whole or any part thereof. Insurance contracts are to be taken most strongly against the insurer, and pleadings are to be taken most strongly against the pleader. The court did not err in sustaining the demurrer and the judgment will be affirmed.

*Affirmed.*

# CASES

DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.